NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Anthony L. PEZZA and Patricia A. Pezza,

    Plaintiffs,

v.

WELLS FARGO BANK, N.A., as Trustee, et al.,

    Defendants.

Civ. No. 09-2097

OPINION & ORDER

THOMPSON, U.S.D.J.,

INTRODUCTION

    This matter comes before the Court upon Defendants FGC Commercial Mortgage Finance dba Fremont Mortgage's and Fremont Investment & Loan's (collectively "Fremont") Motion to Dismiss [11] and Plaintiffs' Cross Motion Seeking Extension of Time to Serve [13]. The motions have been decided upon the papers and without oral argument. For the reasons stated below, Fremont's motion is DENIED, and Plaintiffs' motion is GRANTED.

BACKGROUND

    Plaintiffs filed this action on May 4, 2009. However, they did not seek to serve any of Defendants with the Complaint or a Summons until late August. Plaintiffs successfully served Defendants Wells Fargo Bank ("Wells Fargo") and Litton Loan Servicing, but on October 13, they received notice from their process server that service on Fremont had not succeeded. (Pltfs.' Mot. Seeking Extension of Time, Ex. C.) Meanwhile, Fremont learned about the instant litigation when Wells Fargo filed a crossclaim against Fremont on September 21. Fremont then

1

moved to dismiss Plaintiffs' claims against it on September 30, 2009. On November 2, Plaintiffs filed their opposition to Fremont's motion, and simultaneously cross moved for additional time to serve Fremont with the Complaint.

## ANALYSIS

Under Fed. R. Civ. P 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for the failure, then the court must give additional time, but if the plaintiff does not demonstrate good cause, then the court has discretion either to give additional time or to dismiss the action. Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995).

   I.   The Mandatory Extension of Time for Good Cause

The first issue the Court must resolve is whether or not Plaintiffs had good cause for their failure to serve Fremont within the 120-day time limit. The Third Circuit treats "good cause" under Rule 4(m) as equivalent to the concept of "excusable neglect" under Fed. R. Civ. P. 6(b)(2), meaning that the party seeking additional time for service must show that it made a good faith effort to serve the defendant and that there is some reasonable basis for noncompliance with the 120-day time limit. MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995) (quoting Petrucelli, 46 F.3d at 312 (Becker, J., concurring in part and dissenting in part)).

The Complaint having been filed on May 4, 2009, Plaintiffs had until September 1 to serve Defendants with process. For reasons they have not explained, Plaintiffs did not request Summons from the Court until August 20th, less than two weeks before the 120-day window closed. Plaintiffs' attempt to serve Fremont failed because the address that they gave their

process server was incorrect; Fremont had moved its business to a different location some time earlier. Plaintiffs argue that this mistake is excusable because they got the address off of Fremont's own mortgage papers.

While Plaintiffs' mistake in sending the papers to Fremont's old address is understandable, their delay in sending the papers coupled with their apparent lack of any attempt to assure themselves of the correctness of the address belies their claims that they made a good faith effort. As the Third Circuit has noted, "half-hearted efforts" to serve papers do not meet Rule 4(m)'s "good cause" threshold. See Petrucelli, 46 F.3d at 1307 (quoting Lovelace v. Acme Markets, Inc., 820 F.2d 81, 84 (3d Cir. 1987)). Plaintiffs' decision to wait two and a half months before effecting service, all the time without verifying that they had Fremont's correct address, can only be described as "half hearted." This Court concludes that Plaintiffs have not demonstrated "good cause."

  II. Discretionary Extension of Time

Since Plaintiffs have not shown good cause for their failure to serve Fremont timely, this Court must determine whether there are any other reasons that would warrant extending the time to accomplish service. Factors that may count in favor of granting an extension include the operation of a statute of limitations that would bar re-filing or the evasion of service by the defendant. Fed. R. Civ. P. 4(m)'s advisory committee note (1993); Boley v. Kaymark, 123 F.3d 756, 759 (3d Cir. 1997). However, neither of these factors is necessarily dispositive, and district courts are free to consider other factors that they find appropriate. Petrucelli, 46 F.3d at 1306 & n.8.

In this case, there is some dispute as to whether Plaintiffs will be time-barred from filing a new lawsuit if this action is dismissed. This weighs in favor of granting Plaintiffs extended

time to accomplish service.  While such a rationale clearly contravenes the purpose of statutes of limitations, the advisory committee notes inevitably lead to the conclusion that—for purposes of Rule 4(m)—the fact that a claim is now time-barred counts in favor of allowing Plaintiff to effect late service.

In arguing as to why an extension is not appropriate, Fremont raises two points: Plaintiffs' lack of diligence in effecting service and the fact that Plaintiffs are represented by counsel (i.e., not proceeding pro se).  Plaintiffs' lack of diligence is clearly relevant to the Court's finding that Plaintiffs did not have "good cause" for their delay.  However, that factor of itself does not justify dismissing this action.  As explained above, deciding whether to grant an extension of time to serve is a two-step process:  First the court determines if there was "good cause" for the delay, and then, if there is no good cause, the court determines whether any other factors justify an extension.  Plaintiff's diligence is a central aspect of the "good cause" determination in step one.  If Plaintiff's diligence were also dispositive of the second, "other factors" step, it would collapse Rule 4(m) into a one-step test.  This is inconsistent with both the rule's wording and its interpretation in the Third Circuit.  See Boley, 123 F.3d at 758 ("That Boley's delays were inexcusable, of course, merely reiterates the substance of the finding of no good cause and standing alone does not reflect an exercise of the discretion Rule 4(m) gives the court to extend time. . . ."); see also Petrucelli, 46 F.3d at 1305-06 & n.7.

The fact that Plaintiff is represented by counsel is pertinent to the consideration of whether to grant an extension, but it does not weigh very heavily.  Most litigants are represented by counsel, so if this factor by itself justified a dismissal under Rule 4(m), very few litigants would qualify for an extension of time.  There is nothing in the rule's text or past judicial construction that suggests it should be applied so harshly.

Furthermore, there is no evidence that Plaintiffs' failure to timely serve Defendants has caused any prejudice. As noted above, Wells Fargo alerted Fremont to the existence of the lawsuit, and Fremont does not identify any reasons why late service would burden its ability to prepare a defense. Indeed, Fremont is already involved in this litigation, so while defending against Plaintiffs' claims will clearly place additional burdens on Fremont, the burdens are no heavier than they would have been had Plaintiff served Fremont in a timely fashion.

In the absence of any weighty reasons to deny Plaintiffs their request for additional time, this Court concludes that such an extension is appropriate. While this may appear to reward Plaintiffs for their procrastination, Rule 4(m)'s two-step structure seems designed to give the tardy plaintiff a second chance so long as the delay does not give the plaintiff any unfair advantage or cause her opponent any unfair harm.

PLAINTIFFS' REQUEST TO PARTIALLY WITHDRAW MOTION AND FILE SUR-REPLY

On November 16, 2009, Plaintiffs filed a request partially to withdraw their cross-motion, stating that they had successfully served Fremont pending the consideration of these motions. Rather than seeking additional time to serve Fremont, they now simply ask for an order approving the service that has already been accomplished. As Plaintiffs' request is entirely consistent with the foregoing opinion, that request will be granted.

In the same letter brief, Plaintiffs also seek permission to file a sur-reply in further support of their Motion to Extend Time, pursuant to L. Civ. R. 7.1(d)(6). Since the Court had already decided to rule in Plaintiffs' favor without considering a sur-reply, the sur-reply will be disregarded.

CONCLUSION

For the foregoing reasons, it is ORDERED, on this 28th day of November, 2009, that Defendant Fremont's Motion to Dismiss [11] is DENIED; and

It is further ORDERED that Plaintiffs' Cross Motion Seeking Extension of Time to Serve [13] is GRANTED; and

It is further ORDERED that the service of process made by Plaintiffs upon Fremont on or about November 9, 2009 shall be considered effective.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.